## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:14-CR-37-TLS |
| | ) | |
| DANIEL E. LURYE | ) | |

## OPINION AND ORDER

The Defendant, Daniel E. Lurye, pled guilty to the distribution of 50 grams or more of methamphetamine, a violation of 21 U.S.C. § 841(a)(1). An officer with the United States Probation Office prepared a Presentence Investigation Report (PSR) prior to the Defendant's sentencing. According to the PSR, under the United States Sentencing Guidelines, the Defendant's total offense level is 30, and his criminal history category is VI, resulting in a guideline calculation of 168–210 months of imprisonment.

On April 1, 2016, the Defendant filed a Sentencing Memorandum [ECF No. 42], requesting a downward variance of two levels, which would result in a total offense level of 28 and a guideline range of 140–175 months of imprisonment. On April 6, 2016, the Government filed a response [ECF No. 43], in which the Government did not object to the Defendant's request. For the reasons stated in this Opinion and Order, the Court will grant the Defendant's request for a downward variance.

## ANALYSIS

When sentencing a defendant, the district court "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a)." *Nelson v. United States*, 555 U.S. 350, 351

(2009); *see United States v. Panice*, 598 F.3d 426, 441 (7th Cir. 2010) (citing *Nelson*, and setting forth the two-step process that a sentencing court must engage in to determine a defendant's sentence). When calculating the guideline range, "[a] district court may rely on facts asserted in the PSR if the PSR is based on sufficiently reliable information." *United States v. Rollins*, 544 F.3d 820, 838 (7th Cir. 2008). "The defendant bears the burden of proving that the PSR is inaccurate or unreliable," and if he offers no evidence to question the PSR's accuracy, the Court may rely on it. *Id.*

Here, the Guidelines assign 32 levels as the base offense level for the Defendant's offense. U.S.S.G. § 2D1.1(c)(4). The offense level was lowered by 2 levels for acceptance of responsibility, § 3E1.1(a), resulting in a total offense level of 30. Combining this offense level with the Defendant's criminal history category of VI results in a guideline range of 168–210 months of imprisonment.

### A.     § 3553(a) Factors

In imposing a sentence, § 3553(a) requires a court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, and impose a sentence that is sufficient, but not greater than necessary, to satisfy the purposes of sentencing: adequately capturing the seriousness of the offense, providing just punishment, promoting respect for the law, affording adequate deterrence, protecting the public, and rehabilitating the defendant. In making this determination, a district court may not presume that the Guidelines sentence is the correct one. *Nelson*, 555 U.S. at 352; *Rita v. United States*, 551 U.S. 338, 351 (2007). Ultimately, a district court must make an independent determination, taking into account

the types of sentences available, the other relevant § 3553(a) factors, and the arguments of the parties. *See Gall v. United States*, 552 U.S. 38, 49–50 (2007).

After reviewing the parties' submissions, and upon consideration of the above § 3553(a) factors, the Court finds that the Defendant's request for a two-level downward variance is well-taken. While the Court is mindful that the Defendant has an extensive criminal history, the Court is also mindful of the Defendant's equally extensive history of substance abuse[1] and mental health issues, including diagnoses of post-traumatic stress disorder, anxiety, bipolar disorder, and depression. Moreover, at 39 years old, the Defendant's age provides some support for the need for a shorter sentence. Certainly, a significant term of imprisonment is necessary to protect the public, deter future crimes by the Defendant, and provide the Defendant with needed treatment for his addictions; but at the same time, the Court believes that the Defendant's age increases his likelihood to make significant changes to his life, overcome his addictions, and re-enter society as a mature and law-abiding citizen after his period of incarceration.

Therefore, in light of the relevant facts and circumstances—including the Defendant's age, long history of substance abuse and mental health issues, and the Government's lack of objection to the Defendant's variance request—the Court finds that a guideline range of 140–175 months of imprisonment is sufficient, but not greater than necessary, to satisfy the purposes of sentencing. This determination is based on the evidence in the record thus far. The Court has not yet heard from the Defendant, and he may wish to make a statement on his own behalf in mitigation of punishment. Indeed, he is entitled to make such a statement, as is the Government.

---

[1]The Defendant completed a Texas Christian University Drug Screen and received a score of eight. A score of three or greater indicates relatively severe drug use. The Defendant's score substantiates very severe substance abuse.

*See* Fed. R. Crim. P. 32(i)(4)(A)(ii–iii). Therefore, the Court reserves a determination of the appropriate sentence until after the Defendant and the Government have had an opportunity to address the Court.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Defendant's request for a two-level variance, but WITHHOLDS determining the sentence to impose until the time of the sentencing hearing and after providing the Defendant and the Government an opportunity to address the Court. The sentencing hearing scheduled for April 21, 2016, at 1:30 PM, is CONFIRMED.

SO ORDERED on April 19, 2015.

                                                      s/ Theresa L. Springmann
                                                     THERESA L. SPRINGMANN
                                                     UNITED STATES DISTRICT COURT