UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:14-CR-37-HAB |
| | ) | |
| DANIEL E. LURYE | ) | |
| | ) | |

**OPINION AND ORDER**

Before the Court are two "Ex Parte Applications for Appointment of Counsel" (ECF Nos. 50 and 59) filed by the Defendant along with a letter in reference to the motions (ECF No. 62). Additionally, the Defendant filed a "Request for Correction of Sentence Pursuant to 18 U.S.C. §3584." (ECF No. 51). For the following reasons, all the Motions will be DENIED.

Defendant was charged in a five-count federal indictment on September 24, 2014. At the time he was charged in that case, the Defendant was incarcerated under a state sentence and had begun serving that sentence. Subsequently, the Defendant was sentenced to 140 months imprisonment on Count 4 of the Indictment. The Defendant's Request for Correction of Sentence is based upon what he believes to be an improper calculation of his jail time credit while in federal custody. He asserts that "there exist[s] (simply) a miscalculation of the correct jail-time credits which relate back to his 'day of arrest and detainment by the U.S. Marshals and United States of America.'" ((ECF No. 51 at 4). He cites to 18 U.S.C. § 3584 as authority for this Court to modify his sentence.

However, § 3584 does not provide jurisdiction for the Court to "adjust or modify" a sentence. *See United States v. Holloway*, No. 3:08CR213, 2017 WL 2129726, at *2 (E.D. Va. May 16, 2017) (holding that § 3584 is applicable at the time the Court first imposes a sentence, not when a defendant is seeking correction of his sentence). "'[A] judgment of conviction that includes

[a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (citing § 3582(b)). Federal Rule of Criminal Procedure 35(a) and 18 U.S.C. § 3582(c)(1)(B) permit the Court to correct a sentence that resulted from arithmetical, technical, or other clear error, but such a correction must be made within [fourteen] days of sentencing. Rule 36 permits the Court to correct a clerical error at any time. But, here, the Court did not commit clerical error and the Defendant does not appear to contend otherwise.

More importantly, "[a]fter a district court sentences a federal offender, the Attorney General, through the [BOP], has the responsibility for administering the sentence." *United States v. Wilson,* 503 U.S. 329, 335 (1992). Requests for sentence credit for time previously served must be made initially through the BOP's administrative channels, which are governed by federal regulation. *Id.* Prisoners may seek judicial review of the BOP computation in a district court only "after exhausting their administrative remedies." *Id.*; *see also Romandine v. United States,* 206 F.3d 731, 736 (7th Cir. 2000) (finding that requests for credit to a sentence or recalculation of time served on a federal sentence must be presented to the BOP for review.). The Court has nothing before it showing that the Defendant has exhausted his administrative remedies at the BOP nor has he filed the instant request under any statutory authority permitting this Court to review his request. For these reasons, the Defendant's motion (ECF No. 51) must be DENIED. Additionally, his Ex Parte Applications for Appointment of Counsel (ECF No. 50 and 59) are DENIED.[1]

---

[1] Although the Defendant titled ECF Nos. 50 and 59 "Ex Parte" motions, they are not proper ex parte documents as there is nothing about the nature of the motions that require them to be restricted from the Government. "In our adversary system, *ex parte* motions are disfavored." *Ayestas v. Davis*, 584 U.S. ⸺, 138 S. Ct. 1080, 1091 (2018). Thus, the Clerk is DIRECTED to remove the reference to "Ex Parte" on the docket for these two motions and should remove any restrictions set on these documents.

## **CONCLUSION**

Based on the foregoing, the Defendant's Motions (ECF Nos. 50, 51, and 59) are DENIED. The Clerk is DIRECTED to revise the docket as set forth in this Opinion and Order at footnote 1.

So ORDERED on November 12, 2020.

                                              s/ *Holly A. Brady*
                                              JUDGE HOLLY A. BRADY
                                              UNITED STATES DISTRICT COURT