**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:14-CR-37-HAB |
| | ) | |
| DANIEL E. LURYE | ) | |
| | ) | |

## OPINION AND ORDER

Defendant, Daniel E. Lurye, filed a "Request for Home Confinement Pursuant to § 12003 of the CARES Act and § 3624(c) Title 18 U.S.C." (ECF No. 70), wherein he requests the Court to transfer him to home confinement.[1] The Government responded in opposition on January 13, 2021 asserting that the Court lacks jurisdiction to modify the Defendant's sentence pursuant to 18 U.S.C. § 3624(c)(2) or Section 12003 of the CARES Act. (ECF No. 71). Because the Court agrees that it lacks jurisdiction to modify the Defendant's sentence, the Defendant's motion is DENIED.

## DISCUSSION

Defendant was charged in a five-count federal indictment on September 24, 2014. He pleaded guilty to one count charging distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and was sentenced on April 21, 2016 to a term of 140 months' imprisonment. The Defendant's anticipated release date is August 20, 2025.

---

[1] The Defendant also filed two letters outlining the COVID-19 situation at Herlong FCI in Herlong, California, where he is presently confined. (ECF Nos. 67, 69). To the extent the Defendant's letters are an attempt at seeking compassionate release pursuant to § 3582(c)(1)(A), the courts have typically only found that modification may be warranted if the Defendant demonstrates that he is particularly vulnerable to the virus based on his age, health status, or other specific circumstance. Requests based on generalized concerns related to COVID-19 or possible exposure in prison are not adequate. *See United States v. Raia,* 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release.").

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). Once a Defendant is sentenced, the Bureau of Prisons has "plenary control" over an inmate's placement, including placement into home confinement. *See Tapia v. United States,* 564 U.S. 319, 331 (2011); *See* 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment[.]"). The CARES Act did not change this fact.

What the Act does alter is the grant of broad discretion given to the BOP regarding release to home confinement under § 3624(c)(2) by expanding the ability of the BOP to place offenders on home confinement in light of the COVID-19 pandemic. But, "[t]he act carved out no role for the courts in making such a determination. Nor for that matter is any such role envisioned under § 3624(c)(2), which authorizes the Bureau "to the extent practicable, [to] place prisoners with lower risk levels and lower needs on home confinement.... " *United States v. Williams,* 829 F. App'x 138, 139 (7th Cir. 2020). Such decisions still remain exclusively with the BOP. *Id.*; *see generally United States v. Boyd,* 2020 WL 6120141, at *5 (S.D. Ind. Oct. 16, 2020)("…[T]he CARES Act expands the powers of the Attorney General and the Director of the Bureau of Prisons to release federal inmates to home confinement, but it does not give this Court any authority to release [the Defendant] from incarceration"); *United States v. Richard*, 2020 WL 4500670, at *8 (C.D. Ill. Aug. 5, 2020) ("[T]he Court lacks authority to direct the BOP to place the Defendant in home confinement[.]"); *United States v. Bewley*, 2020 WL 4812936, at *2 (N.D. Ind. Aug. 19, 2020) ("Section 3624(c)(2) and the CARES Act grant authority to the Attorney General and the Director of the Bureau of Prisons – not the courts – to modify the location of imprisonment."). Accordingly, because this Court lacks jurisdiction to place the Defendant on home confinement, the Defendant's Motion (ECF No. 70) is DENIED.

SO ORDERED on January 14, 2021.

s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT